

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| PGS | *610 Federal Plaza* |
| F. #2021R00202 | *Central Islip, New York 11722* |

April 4, 2025

By ECF

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

    Re: United States v. Damon Rallis
       Criminal Docket No.: 21-150 (JMA)

Dear Judge Azrack:

  The government respectfully submits this letter in advance of sentencing in the above-referenced case, currently scheduled for April 16, 2025.  The defendant pleaded guilty, pursuant to a plea agreement, to Count One of a five-count indictment, charging distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

  According to the Presentence Investigation Report ("PSR"), the Probation Department has determined that the defendant's total offense level is 37 and he should be sentenced under Criminal History Category I, which together yield an advisory sentence of 210 to 262 months' incarceration, however, given the statutory maximum of 20 years for the count of conviction, the effective Guidelines range is 210 to 240 months.  PSR ¶ 90.  Probation's Guidelines calculation differs from the estimate set forth in the plea agreement, which was 135 to 168 months, based on certain enhancements that were correctly applied by Probation.  Accordingly, the government concurs with the Guidelines estimate in the PSR.

  On March 6, 2025, the defendant filed a sentencing letter wherein he requested a sentence of 60 months' incarceration, the mandatory minimum sentence, by statute.  For the reasons set forth below, after carefully considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully submits that the Court should sentence the defendant below the advisory Guidelines range set forth by Probation and in the plea agreement and impose a sentence of 96 months' incarceration.

I.   Facts

   a. Offense Conduct (PSR¶¶ 4-13)

The facts underlying the offense conduct in this case are set forth in the PSR, to which the government has no objection.

The Federal Bureau of Investigation ("FBI") and Suffolk County Police Department ("SCPD") began investigating the defendant in April 2020, after being contacted by law enforcement in another district of his involvement in a chat group on Kik Messenger ("Kik") where the users were sharing child pornography. As part of the investigation, an undercover agent joined the chat group, during which time the defendant, using the screenname "dirtydaddy431," shared several images and videos of child pornography with the group, which included sexually explicit videos involving male toddlers with adult females.

Once agents identified the defendant and his address, a search warrant was executed on his residence on February 23, 2021. During the search, the defendant agreed to waive his Miranda rights and was interviewed by agents. The defendant admitted to investigators, inter alia, that he was the user of the "dirtydaddy431" Kik account; that he viewed child pornography on Kik; he identified an image of child pornography that he had posted on Kik; that he was interested in child pornography involving "mom" and "kids" and would look to enter chat rooms on Kik with that theme; that to enter such chat rooms, he was required to share child pornography with the other users in the group; that he began viewing child pornography as a teenager and had viewed it as recently as the night before the agents came to his house; and that he would masturbate to, and then delete, the images of child pornography on his devices. During arrest processing, the defendant also disclosed to members of the United States Marshals Service that he was a Boy Scouts troop leader. Forensic analysis of the devices seized from the defendant's residence revealed numerous images and videos of child pornography, notwithstanding the fact that the defendant claimed that he would delete the images after viewing.

   b. Additional Evidence Relevant to Sentencing (PSR¶¶ 14-21)

Following the defendant's guilty plea in this case, local FBI agents were contacted by agents from the Department of Homeland Security in Iowa who were conducting an unrelated investigation into the sexual exploitation of children in their district (the "Iowa Case"). Evidence obtained from the cell phone of a defendant in the Iowa Case revealed a series of chats between Rallis and the Iowa defendant. In those chats, the two routinely discussed their shared sexual attraction to minor children, including children as young as 4 to 7 years old. They discussed purported online communications with minor females, including one the defendant claimed sent him sexually explicit pictures of herself. The defendant detailed how he would groom the young girls with whom he communicated online by showing them attention, complimenting and encouraging them. Rallis and the

Iowa defendant also sent images of minors that they were interested in, as well as girls who they claim to have had current or prior contacts.[1]

II. Guidelines Calculation

The Probation Department calculated the defendant's Guidelines range as follows:

| | | |
|---|---|---:|
| Base Offense Level (§2G2.2(a)(2)) | | 22 |
| Plus: | Material involved prepubescent minors or minors under age 12 (§2G2.2(b)(2)) | +2 |
| Plus: | Offense involved knowingly engaging in distribution (§2G2.2(b)(3)(B)) | +5 |
| Plus: | Offense involved material that portrays sexual abuse or exploitation of an infant or toddler (§2G2.2(b)(4)(B)) | +4 |
| Plus: | Offense Involved Use of a Computer (§2G2.2(b)(6)) | +2 |
| Plus: | Offense Involved at least 600 images (§2G2.2(b)(7)(D)) | +5 |
| Less: | Acceptance of Responsibility | -3 |
| Total: | | <u>40</u> |

Because the defendant falls within Criminal History Category I, the applicable Guidelines range is 210 to 262 months' imprisonment, however, given the statutory maximum of 20 years for the count of conviction, the effective Guidelines range is 210 to 240 months. PSR ¶ 90. The mandatory minimum term of imprisonment is five years. See 18 U.S.C. § 2252(b).

III. Appropriate Sentence

The government respectfully submits that a sentence below the advisory Guidelines range is appropriate in this case. However, notwithstanding the mitigating factors

---

[1] The government has not been able to identify victims or verify that the defendant ever solicited and/or received sexually explicit images from minors and is asking the Court, for purposes of sentencing in this matter, to assume that the text chats with the Iowa defendant do not constitute additional criminal conduct. However, the depraved and twisted discussions between Rallis and the Iowa defendant where they discussed the sexual abuse of minors and their sexual fantasies related to young children is certainly relevant to the defendant's history and characteristics, pursuant to 18 U.S.C. § 3553(a)(1), and to protect children from future crimes of the defendant, pursuant to 18 U.S.C. § 3553(a)(2)(C).

3

that warrant a downward variance, the serious nature of the offense conduct in this case, the defendant's history and characteristics, the need to protect the public, and the need for deterrence warrant a sentence well above the mandatory minimum sentence of 5 years in prison, as requested by the defendant. See Defendant's Sentencing Memorandum ("Def. Mem.") at 1, 12. Accordingly, the government respectfully submits that a sentence of 96 months is appropriate in this case.

Child pornography crimes represent the continuing victimization of the children depicted in these images, which are in essence, crime scene images. Possession of videos and images of abuse, alone, fosters a market for more abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)). "Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," New York v. Ferber, 458 U.S. 747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, Osborne v. Ohio, 495 U.S. 103, 110 (1990).

Here, the defendant was actively distributing horrific images and videos depicting adults brutally raping young children including toddlers, as well as minors forced to engage in depraved sex acts with each other. The fact that, by his own admission, the defendant spent decades viewing child pornography for his own sexual gratification, demonstrates the deeply rooted and dangerous level of his compulsion for young children. Moreover, the evidence from the Iowa case provides important insight into the defendant's warped attraction for young girls. He and the Iowa defendant shared, in graphic detail, their sexual fantasies involving girls from 4 years old to high school age, even discussing how long it is safe to sexually abuse a child before they are old enough to remember. For instance, after the Iowa defendant described how he sexually abused his stepdaughter from age 4 to 7, the defendant reassured the Iowa defendant, stating, "She doesn't remember bro. You're good. The memories don't really develop until nine or ten. I would love that opportunity." By opportunity, the defendant was clearly indicating that he was envious of the Iowa defendant's access to a young child that he could abuse. The defendant also sent the Iowa defendant sexually explicit images that the defendant claimed were sent to him by a 15 year-old female with whom he was purportedly in an online relationship. Even assuming that the relationship was nothing more than the defendant bragging for a friend who shared his depraved appetite for children, the defendant's intense attraction for young girls is obvious. Also self-evident from his chats with the Iowa defendant was that Rallis used the internet to troll the publicly accessible social media accounts of minor females as

4

evidenced by the picutres he sent the Iowa defendant of young girls he found attractive. The defendant seeking out and sharing pictures of young girls with another sexual predator, is a further aggravating factor in this case warranting a severe sentence.

The defendant's history and characteristics also support a lengthy prison sentence. While he has no criminal record, the defendant's self-described infatuation with minors and the evidence of his long history being attracted to children significantly elevates his potential dangerousness. Furthermore, the evidence in the case establishes that the defendant was not a passive consumer of child pornography, but actively sought out other likeminded individuals to connect with and searched the internet to find actual minors to voyeur. Furthermore, far from a recluse or a shut-in like many of the defendants charged with these crimes, the defendant was established in the community as a longtime Town of Southold employee, who even made an unsuccessful run for Town Supervisor. The defendant was also a Boy Scouts troop leader, placing him in the position of being a mentor to teenage boys. While the government has no evidence that the defendant committed any crimes or engaged in inappropriate conduct in his position with the Boy Scouts, his access to children in that role is, nonetheless, extremely troubling.

Affording adequate deterrence is also vital to sentencing in this case. A 96-month sentence would certainly dissuade the defendant from committing further crimes in the future and would send a strong message that those who trade and collect child pornography will face severe consequences.

A 96-month sentence would also be consistent with other sentences imposed in similar cases. For instance, in United States v. Barden, 19-CR-264 (JMA), the defendant, a 64 year-old with no prior criminal history, was sentenced to 96 months after pleading guilty to distribution of child pornography. At sentencing, the government presented evidence of extremely disturbing emails that Barden sent to another pedophile describing the sexual abuse of young children in graphic detail. In United States v. Sarcona, 20-CR-479 (JMA), the defendant was sentenced to 84 months for transportation of child pornography. Sarcona was found to be in possession of a massive amount of child pornography but did not have the same aggravating evidence as Rallis or Barden.

In asking for the statutory minimum sentence of 5 years in prison, the defendant cites to several factors, including his lack of any criminal history, his history of sexual and emotional abuse as a child and his low risk of recidivism. The government has incorporated the mitigating factors into its below-Guidelines sentencing recommendation but submits that 5 years is not sufficient to address the defendant's crimes or his potential danger to the community.

Finally, it is impossible to fully appreciate the devastating and permanent damage that the production of these materials causes to the victims. The dissemination and distribution of child pornography over the Internet in the perverse marketplace created by people like the defendant, further imprison the victims in a perpetual state of suffering, knowing that anyone around them could have viewed the images of their abuse. The

defendant's significant contribution to the demand for depictions of this type of abuse warrants a severe sentence.

Thus, the government is recommending a sentence below the advisory Guidelines range of 210 to 240 months, however, as set forth above, after careful consideration of the totality of the 3553(a) factors in this case, including inter alia, the seriousness of the offense conduct, the need to protect the public from future crimes of the defendant, and the need for deterrence, the government is recommending a sentence of 96 months' imprisonment.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:    /s/ Paul G. Scotti
Paul G. Scotti
Assistant U.S. Attorney
(631) 715-7836

cc:    Jason Russo, Esq.